# EXHIBIT 1

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Burr;Michael** | Case Number:<br>1307557 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LVNV Funding, LLC its successors and assigns as assignee of Arrow Financial Services, LLC

**COURT USE ONLY**

Name and address where notices should be sent:
Resurgent Capital Services
PO Box 10587
Greenville, SC   29603-0587
Telephone number: (877) 264-5884      email: askbk@resurgent.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):



Telephone number:                       email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:       $2,480.16

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Retail
   (See instruction #2)

| 3.  Last four digits of any number by which creditor identifies debtor:<br><br>~~~~~ | 3a. Debtor may have scheduled account as:<br><br>General Electric Capital<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br><br>(See instruction #3b) |
|---|---|---|

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection:_____

Amount of Secured Claim:   $_____

Amount Unsecured:   $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).**  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

Amount entitled to priority:

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

PLAINTIFF'S
EXHIBIT NO.
FOR IDENTIFICATION
DATE:      RPTR:

B 10 (Official Form 10) (04/13)                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor,  ☐ I am a guarantor, surety, indorser, or other codebtor.
                      (Attach copy of power of attorney, if any.)  or their authorized agent.  (See Bankruptcy Rule 3005.)
                                                                    (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Susan Gaines
Title:  Claims Processor
Company:  Resurgent Capital Services                          *Susan Gaines*                    01/07/2014
Address and telephone number (if different from notice address above):   (Signature)                        (Date)

Telephone number:            email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)                                                                                                3

## DEFINITIONS

### Debtor
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

### Creditor
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

### Claim
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

### Proof of Claim
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

### Secured Claim Under 11 U.S.C. §506(a)
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

### Unsecured Claim
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Claim Entitled to Priority Under 11 U.S.C. §507 (a)
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Redacted
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

### Evidence of Perfection
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

### Acknowledgment of Filing of Claim
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

### Offers to Purchase a Claim
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim – Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | Burr;Michael |
| SSN (redacted): | |
| Address: | |
| City: | |
| State, Zip: | |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | Douglas W. Neway |
| Bankruptcy Case Number: | 1307557 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | |
| Amount due as of the date the bankruptcy case was filed**: | $2,480.16 |
| Principal**: | $2,480.16 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 07/31/1990 |
| Last payment date: | 08/27/1997 |
| Last transaction date: | 08/27/1997 |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of Arrow Financial Services, LLC |
| Purchased by Creditor from: | Arrow Financial Services, LLC |
| Alternative names (if any) for this creditor: | Montgomery Ward General Electric Capital Corporation |
| Creditor at time of last transaction: | Arrow Financial Services, LLC |

*Resurgent Capital Services services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone No.   (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

200-203

## EXHIBIT A

## BILL of SALE FORWARD FLOW

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of 29th day of June 2001 by and between General Electric Capital Corporation, Montgomery Ward Credit Corporation, and Monogram Credit Card Bank of Georgia, (collectively "Seller"), on the one hand, and Arrow Financial Services LLC, and Arrow Receivables Trust 2000-1, (collectively "Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

General Electric Capital Corporation

By: _____

Montgomery Ward Credit Corporation

By: _____

Monogram Credit Card Bank of Georgia

By: _____

5344-5347

## EXHIBIT A

### BILL of SALE FORWARD FLOW

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of 29th day of June 2001 by and between General Electric Capital Corporation, Montgomery Ward Credit Corporation, and Monogram Credit Card Bank of Georgia, (collectively "Seller"), on the one hand, and Arrow Financial Services LLC, and Arrow Receivables Trust 2000-1, (collectively "Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

General Electric Capital Corporation

By: _____

Montgomery Ward Credit Corporation

By: _____

Monogram Credit Card Bank of Georgia

By: _____

5344-5347

## EXHIBIT A

### BILL of SALE FORWARD FLOW

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of 29th day of June 2001 by and between General Electric Capital Corporation, Montgomery Ward Credit Corporation, and Monogram Credit Card Bank of Georgia, (collectively "Seller"), on the one hand, and Arrow Financial Services LLC, and Arrow Receivables Trust 2000-1, (collectively "Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

General Electric Capital Corporation

By: _____

Montgomery Ward Credit Corporation

By: _____

Monogram Credit Card Bank of Georgia

By: _____

5314-5347

## BILL OF SALE AND ASSIGNMENT AGREEMENT

THIS BILL OF SALE AND ASSIGNMENT AGREEMENT is dated this 23rd day of September 2011 between Sherman Originator III LLC ("Buyer") and Arrow Financial Services LLC and AFS-US, Inc. ("Seller").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated September 2, 2011 by and between Buyer and Seller (the "Purchase Agreement"), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, the Accounts described in Appendix A of this Bill of Sale and Assignment Agreement; and all proceeds received on the Accounts after the Cutoff Date; and all Account Documents as described in the Purchase Agreement. Buyer hereby accepts such Accounts, proceeds, and Account Documents.

Seller: Arrow Financial Services LLC

By: _Julie Novak_

Name: _JULIE NOVAK_

Title: _VP_

Date: _9/23/11_

## BILL OF SALE AND ASSIGNMENT AGREEMENT

THIS BILL OF SALE AND ASSIGNMENT AGREEMENT is dated this 23rd day of September, 2011 between Sherman Originator III LLC ("Buyer") and Arrow Financial Services LLC and AFS-US, Inc. ("Seller").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated September 2, 2011 by and between Buyer and Seller (the "Purchase Agreement"), Seller does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, the Accounts described in Appendix A of this Bill of Sale and Assignment Agreement; and all proceeds received on the Accounts after the Cutoff Date; and all Account Documents as described in the Purchase Agreement. Buyer hereby accepts such Accounts, proceeds, and Account Documents.

Seller: AFS-US, Inc.

By: _Julie Novak_

Name: _JULIE NOVAK_

Title: _VP_

Date: _9/23/11_

Appendix A

The Accounts described in the electronic data file named "Bill of Sale_09-23-2011_Arrow_03.txt" which is hereby incorporated into this Appendix A by reference.

## Transfer and Assignment

Sherman Originator III LLC ("SOLLC III"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to Sherman Originator LLC ("SOLLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated August 31, 2011 delivered by Arrow Financial Services LLC on September 23, 2011 for purchase by SOLLC III on September 23, 2011. The transfer of the Assets included electronically stored business records.

SOLLC, subsequent to the above mentioned transfer, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV"), the above mentioned Assets. The transfer of the Assets included electronically stored business records.

Dated: September 23, 2011

Sherman Originator III LLC
a Delaware Limited Liability Company

By: _____
Name: Jon Mazzoli
Title: Director

Dated: September 23, 2011

Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
Name: Kevin Branigan
Title: Authorized Representative

Dated: September 23, 2011

LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Les Gutierrez
Title: Authorized Representative

Exhibit A

**Receivables File**
09.23.11

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 204642 | 16939 | N/A |

2007015772  P/RTTY
Book:DE 2251  2 PGS
Page:1849-1850
February 16, 2007  09:00:57 AM
Rec:$15.00   Cnty Tax:$0.00   State Tax:$0.00

FILED IN GREENVILLE COUNTY, SC

## Limited Power of Attorney

WHEREAS LVNV Funding, LLC("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure; receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this ___15th___ day of ___January___, 2007.

GRANTOR: LVNV Funding LLC
By: _____
Name: _Kevin Branigan_
Title: _President_                     FEB 1 6 2007

Resurgent Capital Services LP
By: _____
Name: _Michael A. Kastin_
Title: _Senior Vice President_

DATE
CERTIFIED TO BE A TRUE AND CORRECT COPY
[illegible] IN THIS OFFICE
_____
REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Stovall_
Name: _Danette Stovall_

Witnessed by: _Heather H. Silver_
Name: _Heather H. Silver_

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Kevin Branigan, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

_[signature]_
Notary Public
My Commission Expires _____

My Commission Expires
February 1, 2016

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Michael A. Lester, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

_[signature]_
Notary Public
My Commission Expires _1-31-2016_

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772   Book: DE 2251   Page: 1949-1950
February 16, 2007  09:00:57 AM

_[signature]_

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>**BURR;MICHAEL D** | Case Number:<br>1307557 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>LVNV Funding, LLC its successors and assigns as assignee of OSI | |
|---|---|
| Name and address where notices should be sent:<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC  29603-0587<br>Telephone number: (877) 264-5884        email: askbk@resurgent.com | **COURT USE ONLY**<br>□ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>  *(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:            email: | □ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**        $8,620.41

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Student Loan
  (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:**<br>_ _ _ _ ~~xxxx~~ | **3a. Debtor may have scheduled account as:**<br>Florida Federal Bank<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** □ Real Estate  □ Motor Vehicle  □ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% □ Fixed  or  □ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

  $_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

□ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__ ).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

PLAINTIFF'S<br>EXHIBIT NO. 2<br>FOR IDENTIFICATION<br>DATE:_____  RPTR:_____

B 10 (Official Form 10) (04/13)                                                                                                                     2

| 7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted copies of documents providing evidence of perfection of a security interest are attached.** If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: |

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Susan Gaines
Title:  Claims Processor
Company:  Resurgent Capital Services
Address and telephone number (if different from notice address above):

_Susan Gaines_                    05/07/2014
(Signature)                       (Date)

Telephone number:           email:
*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number.  If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing.  Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here.  A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt.  You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence.  You may also attach a summary in addition to the documents themselves.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information.  Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011.  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b).  Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent.  If the authorized agent is a servicer, identify the corporate servicer as the company.  Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)  3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

**Proof of Claim – Account Detail**

| Borrower Information | |
|---|---|
| Borrower Name: | BURR;MICHAEL D |
| SSN (redacted): | |
| Address: | |
| City: | |
| State, Zip: | |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | Douglas W. Neway |
| Bankruptcy Case Number: | 1307557 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | |
| Amount due as of the date the bankruptcy case was filed**: | $8,620.41 |
| Principal**: | $8,620.41 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 02/01/1995 |
| Last payment date: | |
| Last transaction date: | |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of OSI |
| Purchased by Creditor from: | OSI |
| Alternative names (if any) for this creditor: | FLORIDA FEDERAL BANK Florida Federal Bank |
| Creditor at time of last transaction: | Florida Federal Bank |

*Resurgent Capital Services services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:

    Resurgent Capital Services
    PO Box 10587
    Greenville, SC 29603-0587
    Telephone No.   (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

2007015772    P/ATTY
Book:DE 2251    2 PGS
Page:1949-1956

February 16, 2007  09:00:57 AM
Rec:$15.00    Cnty Tax:$0.00    State Tax:$0.00

FILED IN GREENVILLE COUNTY, SC

### Limited Power of Attorney

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this _15th_ day of _January_, 2007.

GRANTOR: LVNV Funding LLC
By: _____
Name: Kelly Branigan
Title: President    FEB 1 6 2007

Resurgent Capital Services LP
By: _____
Name: Michael J Kotin
Title: Senior Vice President

DATE
CERTIFIED TO BE A TRUE AND CORRECT COPY
AS APPEARS OF RECORD IN THIS OFFICE

REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Stovall_
Name: _Danette Stovall_

Witnessed by: _Heather H. Silver_
Name: _Heather Silver_

STATE OF
COUNTY OF

On this, the 13th day of _February_, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of _South Carolina_ by the _Kevin Branigan_, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

Notary Public
My Commission Expires _____   My Commission Expires
                                     February 1, 2015

STATE OF
COUNTY OF

On this, the 15 day of _February_, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of _South Carolina_ by the _Michael A. Lesley_; personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

Notary Public
My Commission Expires   1-31-2016

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772    Book: DE 2251    Page: 1949-1953
February 16, 2007   09:00:57 AM

Case 3:13-bk-04229-JAF Claim 8 Filed 11/13/13 Page 1 of 10

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>Wenk; Frederick G | Case Number:<br>1304229 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LVNV Funding, LLC its successors and assigns as assignee of General Electric Capital Corporation

**COURT USE ONLY**

Name and address where notices should be sent:
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone number: (877) 264-5884    email: askbk@resurgent.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):



Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $353.82 _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Retail
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
   ___ ___ 7664 ___

   3a. Debtor may have scheduled account as:
   General Electric Capital
   (See instruction #3a)

   3b. Uniform Claim Identifier (optional):

   (See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction

PLAINTIFF'S
EXHIBIT NO. _____
FOR IDENTIFICATION
DATE: _____ RPTR: _____

B 10 (Official Form 10) (04/13)   2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Susan Gaines
Title: Claims Processor
Company: Resurgent Capital Services
Address and telephone number (if different from notice address above):

_Susan Gaines_ (Signature)   11/13/2013 (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)                                                                                                     3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim – Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | Wenk; Frederick G |
| SSN (redacted): | |
| Address: | |
| City: | |
| State, Zip: | |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | Douglas W. Neway |
| Bankruptcy Case Number: | 1304229 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | 7664 |
| Amount due as of the date the bankruptcy case was filed**: | $353.82 |
| Principal**: | $353.82 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 11/30/2006 |
| Last payment date: | 04/16/2006 |
| Last transaction date: | 04/16/2006 |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of General Electric Capital Corporation |
| Purchased by Creditor from: | General Electric Capital Corporation |
| Alternative names (if any) for this creditor: | Parisian General Electric Capital Corporation |
| Creditor at time of last transaction: | General Electric Capital Corporation |

*Resurgent Capital Services services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:

    Resurgent Capital Services
    PO Box 10587
    Greenville, SC 29603-0587
    Telephone No.   (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

## EXHIBIT A

## BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Receivables Purchase Agreement (the "Agreement"), dated as of November 19, 2007, by and between General Electric Capital Corporation, a Delaware corporation, GE Money Bank, a federal savings bank, and Retailer Credit Services Inc, a Delaware corporation (collectively "Seller") and _ Sherman Financial Group LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification File (as defined in the Agreement), delivered by Seller to Buyer prior to such Purchase Date, and as further described in the Agreement.

GE Money Bank

By: _____

Title: President

Retailer Credit Services Inc

By: _____

Title: President

General Electric Capital Corporation

By: _____

Title: _____

25

EXHIBIT A

BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Receivables Purchase Agreement (the "Agreement"), dated as of November 19, 2007, by and between General Electric Capital Corporation, a Delaware corporation, GE Money Bank, a federal savings bank, and Retailer Credit Services Inc, a Delaware corporation (collectively "Seller") and _ Sherman Financial Group LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification File (as defined in the Agreement), delivered by Seller to Buyer prior to such Purchase Date, and as further described in the Agreement.

GE Money Bank

By:  _____

Title:  _____

Retailer Credit Services Inc

By:  _____

Title:  _____

General Electric Capital Corporation

By:  _____

Title: Vice President  _____

### Declaration of Account Transfer

Sherman Financial Group LLC ("SFG"), without recourse, to the extent permitted by applicable law, transferred, sold, assigned, conveyed, granted and delivered to Sherman Originator LLC ("SOLLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated November 21, 2007 delivered by General Electric Capital Corporation, GE Money Bank, Retailer Credit Services Inc. on November 19, 2007 for purchase by SFG on November 28, 2007. The transfer of the Assets included electronically stored business records.

SOLLC, subsequent to the above mentioned transfer, transferred, sold, assigned, conveyed, granted and delivered to LVNV Funding LLC ("LVNV"), the above mentioned Assets. The transfer of the Assets included electronically stored business records.

Sherman Financial Group LLC
a Delaware Limited Liability Company

By: _____
Name: Jon Mazzoli
Title:  Director
Sherman Financial Group LLC
c/o Sherman Capital Markets LLC

Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
Name: Kevin Branigan
Title:  Authorized Representative

LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Les Gutierrez
Title:  Authorized Representative

Exhibit A

**Receivables File**
11.28.07

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 74141 | 8900 | N/A |

2007015772   P/ATTY
Book/DK 2251   2 PGS
February 16, 2007  00:08:57 AM   Page:1049-1050
Rec:$15.00     Cnty Tax:$0.00    State Tax:$0.00
FILED IN GREENVILLE COUNTY SC

**Limited Power of Attorney**

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;

2. Conducting foreclosure or repossession actions;

3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;

4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;

5. Signing claims and notices of transfers of claims regarding any account;

6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and

7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting, or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 15th day of January, 2007.

GRANTOR: LVNV Funding LLC

By: _____

Name: Linda Branigan

Title: President          FEB 1 6 2007

DATE

Resurgent Capital Services LP

By: _____

Name: Michael A Keshin

Title: Senior Vice President

CERTIFIED TO BE A TRUE AND CORRECT COPY
OF DOCUMENT ON FILE IN THIS OFFICE

REGISTER OF DEEDS CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Tovall_
Name: _Danielle Tovall_

Witnessed by: _Heather H. Silver_
Name: _Heath Silva_

STATE OF
COUNTY OF

On this, the 13th day of _february_, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of _South Carolina_ by the _Kevin Branigan_, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

_____
Notary Public
My Commission Expires _____

My Commission Expires
February 1, 2016


STATE OF
COUNTY OF

On this, the 15 day of _February_, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of _South Carolina_ by the _Michael A. Keelen_, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

_____
Notary Public
My Commission Expires _1-31-2016_

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016


FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772   Book:DE 2251   Page:1949-1950
February 19, 2007  09:00:57 AM
_Timothy J. Nanney_

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>Wenk;Kara M | Case Number:<br>1304229 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | COURT USE ONLY |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>LVNV Funding, LLC its successors and assigns as assignee of CVF Consumer Acquisition Company | |
| Name and address where notices should be sent:<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC   29603-0587<br>Telephone number: (877) 264-5884        email: askbk@resurgent.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(*If known*)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:                   email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

1. Amount of Claim as of Date Case Filed:            $747.24

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Retail
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: ___ ___ 7975 | 3a. Debtor may have scheduled account as:<br>World Financial Network National<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

Basis for perfection: _____

Amount of Secured Claim:     $_____

Amount Unsecured:            $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__ ).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

PLAINTIFF'S<br>EXHIBIT NO. _____<br>FOR IDENTIFICATION<br>DATE: _____ REP'R _____

B 10 (Official Form 10) (04/13)                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
                                                                      (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Susan Gaines
Title:        Claims Processor
Company:   Resurgent Capital Services
Address and telephone number (if different from notice address above):

_____          *Susan Gaines*                    11/13/2013
                                            (Signature)                        (Date)

Telephone number:                email:
    *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim -- Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | Wenk;Kara M |
| SSN (redacted): | |
| Address: | |
| City: | |
| State, Zip: | |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | Douglas W. Neway |
| Bankruptcy Case Number: | 1304229 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | 7975 |
| Amount due as of the date the bankruptcy case was filed**: | $747.24 |
| Principal**: | $747.24 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 10/10/1999 |
| Last payment date: | 03/25/1999 |
| Last transaction date: | 03/25/1999 |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of CVF Consumer Acquisition Company |
| Purchased by Creditor from: | CVF Consumer Acquisition Company |
| Alternative names (if any) for this creditor: | VICTORIAS SECRET World Financial Network National Bank |
| Creditor at time of last transaction: | World Financial Network National Bank |

*Resurgent Capital Services services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone No.   (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

BILL OF SALE AND ASSIGNMENT

Medclr-Inovision Portfolio Acquisitions, LLC, Creditrust SPV2, LLC, NCOP Capital I, LLC, NCOP Capital II, LLC, NCOP Capital III, LLC, NCOP Capital IV, LLC, NCOP Capital, Inc., NCOP/CF II, LLC, NCOP IX, LLC, NCOP Lakes, Inc., NCOP Nevada Holdings, Inc., NCOP X, LLC, NCOP XI, LLC, NCOP XII, LLC, NCOP/CF, LLC, OSI Funding LLC, OSI Portfolio Services, Inc. and CRC Investors LLC (hereinafter, individually referred to as a Seller and collectively referred to as "Sellers"), for value received and pursuant to the terms and conditions of the Sale and Assignment Agreement ("Agreement") dated August 5, 2011 between Seller and CVF Consumer Acquisition Company ("Buyer"), does hereby sell, assign and convey to Buyer, its successor and assigns, all right, title and interest of Seller in and to those certain Purchased Accounts listed on the Sale File named NCO_CarVal_20110830_SaleFile.txt, including without limitation, the right to collect all principal and/or interest and/or other amounts due thereunder (including, without limitation, all amounts included in the related Unpaid Balances) and/or other proceeds of any kind paid or collected for payment thereon after the Cut-off Date, all related Evidence of Indebtedness and all proceeds of the foregoing, without recourse and without representation of, or warranty of, collectability, or otherwise, except to the extent provided for within the Agreement. Capitalized terms used but not defined herein have the respective meanings assigned to thereto in the Agreement.

This Bill of Sale and Assignment may be executed in any number of counterparts, all of which counterparts taken together shall constitute one completed fully executed document and that these resolutions may be delivered via facsimile or electronic transmission with the same force and effect as if they had been delivered manually.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

101358.00100/22049666v.2

EXECUTED this 30th day of August , 2011.

SELLERS:

CREDITRUST SPV2, LLC, a Delaware limited liability company

By: _____
Name: Joshua Gindin
Title:  Secretary

MEDCLR INOVISION PORTFOLIO ACQUISITIONS, LLC, a Nevada limited liability company

By: _____
Name: Joshua Gindin
Title: Secretary

NCOP CAPITAL I, LLC, a Nevada limited liability company

By: _____
Name: Joshua Gindin
Title:  Secretary

NCOP CAPITAL II, LLC, a Nevada limited liability company

By: _____
Name: Joshua Gindin
Title: Secretary

NCOP CAPITAL III, LLC, a Nevada limited liability company

By: NCOP NEVADA HOLDINGS, INC., its sole manager

By: _____
Name: Joshua Gindin
Title: Secretary

NCOP CAPITAL IV, LLC, a Nevada limited liability company

By: _____
Name: Joshua Gindin
Title: Secretary

NCOP CAPITAL, Inc., a Nevada corporation

By: _____
Name: Joshua Gindin
Title: Secretary

101358.00100/22049666v.2

NCOP/CF II, LLC, a Nevada limited liability company

By: NCOP NEVADA HOLDINGS, INC., its sole manager

By:
Name: Joshua Gindin
Title:  Secretary

NCOP IX, LLC, a Nevada limited liability company

By:
Name: Joshua Gindin
Title:  Secretary

NCOP LAKES, INC., a Nevada corporation

By:
Name: Joshua Gindin
Title:  Secretary

NCOP Nevada Holdings, Inc., a Nevada corporation

By:
Name: Joshua Gindin
Title:  Secretary

NCOP X, LLC, a Nevada limited liability company

By:
Name: Joshua Gindin
Title:  Secretary

NCOP XI, LLC, a Nevada limited liability company

By:
Name: Joshua Gindin
Title:  Secretary

NCOP XII, LLC, a Nevada limited liability company

By:
Name: Joshua Gindin
Title:  Secretary

101358.00100/22049666v.2

NCOP/CI, LLC, a Nevada limited liability company

By:
Name:  Joshua Gindin
Title:  Secretary

OSI FUNDING LLC, a Delaware limited liability company

By:
Name:  Joshua Gindin
Title:  Secretary

OSI PORTFOLIO SERVICES, INC., a Delaware corporation

By:
Name:  Joshua Gindin
Title:  Secretary

CRC INVESTORS LLC, a Delaware limited liability company

By: OUTSOURCING SOLUTIONS, INC., its member

By:
Name:  Joshua Gindin
Title:  Secretary

## ASSIGNMENT OF ACCOUNTS AND BILL OF SALE

CVF Consumer Acquisition Company, a Delaware statutory trust ("Seller"), for value received and pursuant to the terms and conditions of the Purchase and Sale Agreement ("Agreement") dated September 25, 2012 between Seller and Sherman Originator III LLC ("Purchaser"), does hereby sell, assign and convey to Purchaser, its successor and assigns, all right, title and interest of Seller in and to those certain Purchased Accounts included in the data file named "NCO_Carval_CVF_to_LVNV_20120925.txt" including without limitation, the right to collect all principal and/or interest and/or other amounts due thereunder (including, without limitation, all amounts included in the related Unpaid Balances) and/or other proceeds of any kind paid or collected for payment thereon after the Cut-off Date, and all proceeds of the foregoing, without recourse and without representation of, or warranty of, collectability, or otherwise, except to the extent provided for within the Agreement.

Capitalized terms used but not defined herein have the respective meanings assigned to thereto in the Agreement.

DATE: 9/25/12

Seller:

CVF Consumer Acquisition Company

By:  U.S. Bank National
     Association, not in its
     individual capacity, but
     solely as its Trustee

By:

Name (print):     Bryan J. Hill

Title:            Vice President

14

### Transfer and Assignment

Sherman Originator III LLC ("SOLLC III"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to Sherman Originator LLC ("SOLLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated August 01, 2012 delivered by CVF Consumer Acquisition Company, a Delaware Statutory Trust, on September 20, 2012 for purchase by SOLLC III on September 25, 2012.  The transfer of the Assets included electronically stored business records.

SOLLC, subsequent to the above mentioned transfer, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV"), the above mentioned Assets.  The transfer of the Assets included electronically stored business records.

Dated: September 25, 2012

Sherman Originator III LLC
a Delaware Limited Liability Company

By: _____
Name: Jon Mazzoli
Title:  Director

Dated: September 25, 2012

Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
Name: Kevin Branigan
Title:  Authorized Representative

Dated: September 25, 2012

LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Rusty Kendall
Title:  Authorized Representative

Exhibit A

**Receivables File**
**09.25.12**

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 242825 | 18843 | N/A |

2007915772    P/ATTY
Book IDC 2251   2 PGS
Page:1948-1954
February 16, 2007  00:00:57 AM
Rec:$15.00    Cnty Tax:$0.00    State Tax:$0.00

FILED IN GREENVILLE COUNTY, SC

**Limited Power of Attorney**

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer:

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 15th day of January , 2007.

GRANTOR-LVNV Funding LLC              Resurgent Capital Services LP
By: _____                  By: _____
Name: Kobie Branigan                 Name: Michael A Kostiw
Title: President                     Title: Senior Vice President

DATE   FEB 16 2007

CERTIFIED TO BE A TRUE AND CORRECT COPY
AS APPEARING OF RECORD IN THIS OFFICE
_____
REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Tovall_
Name: _Danielle Stovall_

Witnessed by: _Heather H. Silver_
Name: _Heather H._

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina By the _Kevin Branigan_, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

Notary Public
My Commission Expires _____  My Commission Expires:
                                February 1, 2015

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the _Michael A. Gibson_, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

Notary Public
My Commission Expires _1-31-2016_

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772   Book:DE 2251   Page:1948-1950
February 16, 2007  09:00:57 AM

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Mears;Kevin R | Case Number: 1402546 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LVNV Funding, LLC its successors and assigns as assignee of NCO Portfolio Management

Name and address where notices should be sent:
Resurgent Capital Services
PO Box 10587
Greenville, SC   29603-0587
Telephone number:  (877) 264-5884          email:  askbk@resurgent.com

Name and address where payment should be sent (if different from above):

Telephone number:          email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:          $2,031.05

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:  Credit Card
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: ____4893 | 3a. Debtor may have scheduled account as: First USA Bank, N.A. _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                                              $_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits.  The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

PLAINTIFF'S
EXHIBIT NO. 5
FOR IDENTIFICATION
DATE: RPTR:

B 10 (Official Form 10) (04/13)                                                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:**  (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor,     ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)     or their authorized agent.              (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Susan Gaines
Title:  Claims Processor
Company:  Resurgent Capital Services                     *Susan Gaines*                          05/30/2014
Address and telephone number (if different from notice address above):    (Signature)                          (Date)

Telephone number:                    email:
*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of the claim falls into any one category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided in this claim is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)                                                                                   3

## DEFINITIONS

### Debtor
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

### Creditor
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

### Claim
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

### Proof of Claim
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

### Secured Claim Under 11 U.S.C. §506(a)
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

### Unsecured Claim
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Claim Entitled to Priority Under 11 U.S.C. §507 (a)
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Redacted
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

### Evidence of Perfection
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

### Acknowledgment of Filing of Claim
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

### Offers to Purchase a Claim
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail: askbk@resurgent.com

### Proof of Claim -- Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | Mears;Kevin R |
| SSN (redacted): | ▓▓▓▓ |
| Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| City: | ▓▓▓▓▓▓▓▓▓ |
| State, Zip: | ▓▓▓▓▓▓▓ |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | Douglas W. Neway |
| Bankruptcy Case Number: | 1402546 |
| Chapter: | 13 |

| Account Information | |
|---|---|
| Account Number (redacted): | 4893 |
| Amount due as of the date the bankruptcy case was filed**: | $2,031.05 |
| Principal**: | $2,031.05 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 03/23/1995 |
| Last payment date: | |
| Last transaction date: | |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of NCO Portfolio Management |
| Purchased by Creditor from: | NCO Portfolio Management |
| Alternative names (if any) for this creditor: | First Usa First USA Bank, N.A. |
| Creditor at time of last transaction: | First USA Bank, N.A. |

*Resurgent Capital Services services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
Telephone No.    (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

7704, 7705

**EXHIBIT C**

**ASSIGNMENT AND BILL OF SALE**

NCO Portfolio Management, Inc., NCOP Lakes, Inc., Creditrust SPV99-1 LLC, Creditrust SPV2 LLC and (hereinafter collectively called "Seller"), for value received and pursuant to the terms and conditions of the Purchase and Sale Agreement dated as of the 27th day of September, 2006 ("Agreement") between Seller and Sherman Originator LLC (hereinafter called "Purchaser"), do hereby sell, assign, and transfer to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in and to those certain Accounts and Accounts Receivable (which terms are defined in the Agreement) listed on Exhibit A attached hereto. Seller's assignment, sale and transfer is without recourse and without any representations or warranties, expressed or implied, as to the enforceability, collectability, or documentation of the Accounts or otherwise, except for the representations, and warranties made by Seller in the Agreement.

Purchaser and Seller agree that the Purchase Price (which term is defined in the Agreement) shall be as stated in Paragraph 3 of the Agreement and as set forth in the Closing Statement attached to the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 28th day of September 2006.

By: _____
Michael Meringolo
Vice President


PURCHASER ACKNOWLEDGES &
AGREES TO THE ABOVE:

By: _____
Laura Schaible
Authorized Signatory

### Declaration of Account Transfer

Sherman Originator LLC ("SOLLC"), without recourse, to the extent permitted by applicable law, transferred, sold, assigned, conveyed, granted and delivered to LVNV Funding LLC ("LVNV") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated September 28, 2006 delivered by NCO Portfolio Management, Inc., NCOP Lakes, Inc., Creditrust SPV99-2 LLC, Creditrust SPV2 LLC on September 28, 2006 for purchase by SOLLC on September 29, 2006. The transfer of the Assets included electronically stored business records.

Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
    Name: Kevin Branigan
    Title:  Authorized Representative


LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
    Name: Les Gutierrez
    Title:  Authorized Representative

Exhibit A

## Receivables File
## 09.29.06

| Transfer Group | Portfolio | Transfer Batch |
| --- | --- | --- |
| 52547 | 7105 | N/A |
| 52548 | 7105 | N/A |
| 52553 | 7105 | N/A |
| 52554 | 7105 | N/A |
| 52555 | 7105 | N/A |
| 52556 | 7105 | N/A |
| 52557 | 7105 | N/A |
| 52558 | 7105 | N/A |
| 52559 | 7105 | N/A |
| 52560 | 7105 | N/A |
| 52561 | 7105 | N/A |

2807015772   P/ATTY
Book:DE 2251   Page:1848-1856
February 16, 2007   03:00:57 AM
Rec:$15.00   Cnty Tax:$0.00   State Tax:$0.00

FILED IN GREENVILLE COUNTY, SC

**Limited Power of Attorney**

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;

2. Conducting foreclosure or repossession actions;

3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;

4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;

5. Signing claims and notices of transfers of claims regarding any account;

6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and

7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this _15th_ day of _January_, 2007.

GRANTOR: LVNV Funding LLC
By: _____
Name: _Rob Brannigan_
Title: _President_
DATE   FEB 1 6 2007

Resurgent Capital Services LP
By: _____
Name: _Michael A Kastin_
Title: _Senior Vice President_

LIMITED TO BE A TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE IN THIS OFFICE

REGISTER OF DEEDS CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Tovall_
Name: _Danette Tovall_

Witnessed by: _Heather H. Silver_
Name: _Heather Silver_

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Kevin Branigan, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

_____
Notary Public
My Commission Expires _____
My Commission Expires
February 1, 2019

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Michael A. Pedersen, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

_____
Notary Public
My Commission Expires _____ 1-31-2016 _____

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772    Book: DE 2251    Page: 1949-1958
February 15, 2007    09:00:57 AM
_Timothy J. Harvey_

B 10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>SHORT; JEFF R | Case Number:<br>1305788 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>LVNV Funding, LLC its successors and assigns as assignee of MCI Communications Services, Inc | |
|---|---|

**COURT USE ONLY**

| Name and address where notices should be sent:<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC  29603-0587<br>Telephone number:  (877) 264-5884        email: askbk@resurgent.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>  (*If known*)<br><br>Filed on: _____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:              email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1.  Amount of Claim as of Date Case Filed:**            $250.18 _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2.  Basis for Claim:**  Telecom
    (See instruction #2)

| 3.  Last four digits of any number by which creditor identifies debtor:<br>___  ___  2256 ___ | 3a.  Debtor may have scheduled account as:<br>MCI Communications Services,<br>(See instruction #3a) | 3b.  Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4.  Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate _____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Basis for perfection: _____

Amount of Secured Claim:    $ _____

Amount Unsecured:          $ _____

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6.  Credits.**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

PLAINTIFF'S
EXHIBIT NO. 6
FOR IDENTIFICATION
DATE: _____ RPTR: _____

B 10 (Official Form 10) (04/13)                                                                                          2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
     (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
     (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Susan Gaines
Title:   Claims  Processor                                 _Susan Gaines_                          11/22/2013
Company:  Resurgent Capital Services                        (Signature)                            (Date)
Address and telephone number (if different from notice address above):

Telephone number:                      email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any one category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (04/13)                                                                                                          3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (864) 235-7336
Fax: (864) 248-8790
e-Mail:  askbk@resurgent.com

### Proof of Claim – Account Detail

| Borrower Information | |
|---|---|
| Borrower Name: | SHORT;JEFF R |
| SSN (redacted): | 8101 |
| Address: | PO BOX |
| City: | GREEN COVE SPRING |
| State, Zip: | FL 32043-0456 |

| Bankruptcy Case Information | |
|---|---|
| MIDDLE DISTRICT of FLORIDA | |
| Trustee Name: | |
| Bankruptcy Case Number: | 1305788 |
| Chapter: | 11 |

| Account Information | |
|---|---|
| Account Number (redacted): | 2256 |
| Amount due as of the date the bankruptcy case was filed**: | $250.18 |
| Principal**: | $250.18 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | 07/07/1999 |
| Last payment date: | |
| Last transaction date: | |

| Creditor Information | |
|---|---|
| Current Creditor*: | LVNV Funding, LLC its successors and assigns as assignee of MCI Communications Services, Inc |
| Purchased by Creditor from: | MCI Communications Services, Inc |
| Alternative names (if any) for this creditor: | MCI Communications Services, Inc |
| Creditor at time of last transaction: | MCI Communications Services, Inc |

*Resurgent Capital Services services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:

> Resurgent Capital Services
> PO Box 10587
> Greenville, SC 29603-0587
> Telephone No.   (877) 264-5884

**Information on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

Case 3:14-cv-01207-HES-PDB   Document 25-1   Filed 05/08/15   Page 63 of 110 PageID 316

Case 3:14-cv-01240-HES-MCR   Document 1-2   Filed 10/14/14   Page 6 of 7 PageID 13
Case 3:13-bk-05788-PMG   Claim 7   Filed 01/08/14   Page 5 of 6

2007015772   P/ATTY
2 PGS
Book:DE 2251   Page:1949-1950
February 16, 2007   00:00:57 AM
Rec:$15.00      Cnty Tax:$0.00      State Tax:$0.00
FILED IN GREENVILLE COUNTY,SC

Limited Power of Attorney

WHEREAS LVNV Funding, LLC("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-In-Fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this _15th_ day of _January_, 2007.

GRANTOR: LVNV Funding LLC               Resurgent Capital Services LP
By: _____                     By: _____
Name: _Kebba Scanigian_                  Name: _Michael A Kent_
Title: _President_                       Title: _Senior Vice President_

FEB 1 6 2007

DATE
CERTIFIED TO BE A TRUE AND CORRECT COPY
CLOSE CURRENT PAGES ON THIS OFFICE
_____
REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: _D. Tovall_
Name: _Danielle Stovall_

Witnessed by: _Heather H. Silver_
Name: _Heath H. Si..._

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Kevin Branigan, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

_____
Notary Public
My Commission Expires _____   My Commission Expires
                                February 1, 2016

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina, by the Michael A. Kedron, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

_____
Notary Public
My Commission Expires  1-31-2016

        Michelle L. Church
        Notary Public
        South Carolina
        Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY,SC ROD
2007015772    Book:DE 2261    Page:1949-1958
   February 16, 2007  08:08:57 AM
_Timothy J. Nanney_

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO. 3:14-CV-01333-TJC-JBT

MICHAEL DAVID BURR,                        )
                                           )
                        PLAINTIFF(S),      )     ORIGINAL
                                           )
VERSUS                                     )
                                           )
LVNV FUNDING, L.L.C.,                      )
                                           )
                        DEFENDANT.         )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DEPOSITION OF
MEGHAN EMMERICH
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    PURSUANT TO NOTICE OF DEPOSITION AND/OR AGREEMENT
IN THE ABOVE-ENTITLED CASE, THE DEPOSITION OF MEGHAN
EMMERICH WAS TAKEN ON THE 23RD DAY OF MARCH, 2015,
COMMENCING AT THE HOUR OF 8:48 A.M., IN THE CONFERENCE ROOM
OF CANNON COURT REPORTING, 204 WEST STONE AVENUE,
GREENVILLE, SOUTH CAROLINA.

REPORTED BY: KAREN E. HOLLEY, CVR-M

CANNON COURT REPORTING
Certified Verbatim Reporters
Post Office Box 2727
Greenville, South Carolina 29602
864-298-0082 or 864-316-4918
cannonreporting@charter.net

Deposition of Meghan Emmerich

APPEARANCES:

        BRYAN K. MICKLER, ESQUIRE

        5452 ARLINGTON EXPRESSWAY

        JACKSONVILLE, FLORIDA 32211

                ATTORNEY FOR PLAINTIFF(S),


        ELLA A. SHENHAV, ESQUIRE

        SHUTTS AND BOWEN, LLP

        4301 W. BOY SCOUT BOULEVARD

        SUITE 300

        TAMPA, FLORIDA 33607

                ATTORNEY FOR DEFENDANT.

Deposition of Meghan Emmerich

INDEX

Stipulations, Non-Waiver and Oath.....................  4

Examination by Mr. Mickler............................  4

Examination by Ms. Shenhav........................... 29

Certificate of Reporter.............................. 36

Exhibits:

Plaintiffs' Exhibit Number One (Bankruptcy Claim 20 -

14 pages)...........................................  9

Plaintiffs' Exhibit Number Two (Bankruptcy Claim 21 -

6 pages)............................................  9

Plaintiffs' Exhibit Number Three (Bankruptcy Claim 8 -

10 pages)........................................... 16

Plaintiffs' Exhibit Number Four (Bankruptcy Claim 9 -

13 pages)........................................... 16

Plaintiffs' Exhibit Number Five (Bankruptcy Claim 5 -

9 pages)............................................ 19

Plaintiffs' Exhibit Number Six (Bankruptcy Claim 7 -

6 pages)............................................ 21

(This transcript may contain quoted material.  Such
material is reproduced as read or quoted by the speaker.)

1  Stipulations:

2  It is agreed by and between the counsel for the parties as

3  follows:

4  1.   That this deposition is being taken pursuant to the

5       Federal Rules of Civil Procedure;

6  2.   That the deponent reserves the right to read and sign

7       the deposition transcript.

8            *****      *****      *****      *****

9  Meghan Emmerich, being duly sworn to tell the truth, the

10 whole truth, and nothing but the truth of her own knowledge

11 concerning the matter herein, testified as follows:

12           *****      *****      *****      *****

13 Examination by Mr. Mickler:

14 Q.   Good morning.

15 A.   Good morning.

16 Q.   My name is Bryan Mickler.  I'm the attorney for the

17      four plaintiffs in these four actions.  We're going to

18      take your deposition today, and before we start, are

19      you on any type of medication, or any other issues,

20      that would prevent you from testifying truthfully

21      today?

22 A.   No.

23 Q.   You can go ahead and state your full name.

24 A.   My name is Meghan Emmerich.  And that is M-e-g-h-a-n,

25      and Emmerich is E-m-m-e-r-i-ch.

Deposition of Meghan Emmerich

| | | |
|---|---|---|
| 1 | Q. | One more time; E-m-m? |
| 2 | A. | E-r-i-c-h.   And Meghan with an H. |
| 3 | Q. | Ms. Emmerich, have you had your deposition taken |
| 4 | | before? |
| 5 | A. | I have. |
| 6 | Q. | How many times? |
| 7 | A. | Less than a dozen, but right around there. |
| 8 | Q. | And would those be in the same type of suits that we're |
| 9 | | here on today, some type of FDCPA, or other consumer |
| 10 | | action? |
| 11 | A. | It was for my employment, yes; for LVNV, or Resurgent. |
| 12 | Q. | And how long have you worked -- well, let's start with, |
| 13 | | which company do you work for? |
| 14 | A. | I work for Resurgent Capital Services. |
| 15 | Q. | How long have you worked for Resurgent? |
| 16 | A. | With the exception of 7 months, since 2004. |
| 17 | Q. | So we would be averaging just maybe a depo and a half a |
| 18 | | year; something like that? |
| 19 | A. | Roughly. |
| 20 | Q. | And I don't want to put words in your mouth, but just |
| 21 | | to shorten things up, my understanding is that |
| 22 | | Resurgent is basically the collector, or not collector, |
| 23 | | but the, almost like a servicer, for LVNV? |
| 24 | A. | Resurgent is the master servicer for LVNV Funding. |
| 25 | Q. | Would Resurgent collect any other debts besides LVNV |

Deposition of Meghan Emmerich

1      debts?

2      Ms. Shenhav:  I'm going to just object to any questions

3          relating to just Resurgent.  Ms. Emmerich is here as

4          LVNV's corporate rep, not Resurgent's corporate rep.

5          She cannot bind Resurgent and she is not prepared

6          specifically for any sort of questions regarding

7          Resurgent.  Now, I'm not going to tell her not to

8          answer questions that she knows the answer to, but I

9          will object to any sort of Resurgent questions.

10     Mr. Mickler:        That's fine.

11     Can you repeat the last question, please?

12  (Court reporter does a read back of the previous question.)

13  A.  Resurgent is a servicer for some other companies.

14  Q.  Would those other companies be under the Sherman

15      Financial Group?

16  A.  Possibly.

17  Q.  Does LVNV ever attempt to collect -- does LVNV ever

18      originate consumer debts or is it strictly a debt

19      collector that would take over after debts were in

20      default, and they would purchase those debts?

21  A.  LVNV does not originate any debt.

22  Q.  So as a blanket statement, LVNV would be collecting

23      debts on behalf of other entities?

24  A.  LVNV Funding is a debt holding entity.  They own all

25      their own debt.

1   Q.   But they purchase that debt from other entities?

2   A.   Yes.

3   Q.   Is that their primary business, is collecting other

4        people's debts?

5   A.   No; LVNV owns all their debt that they collect.

6   Q.   Is their primary business to purchase debt and then

7        maybe turn it over to Resurgent or other collectors to

8        have it collected?

9   A.   Yes.

10  Q.   Now, I asked you to bring several documents today; I

11       see that you don't have anything with you.  Did you

12       bring any documents at all with you?

13  A.   I did not.

14  Q.   Why not?

15  A.   Was I supposed to?

16  Q.   The deposition notice required you to bring multiple

17       documents.  Did you read the deposition notice?

18  A.   I did.

19  Q.   And did you see where it said -- where you would be

20       testifying on certain topics and then required to bring

21       certain documents?

22  A.   I read the entire deposition notice, and discussed it

23       with my attorney.  I was unaware that I was supposed to

24       bring documents.

25  Q.   You were asked to bring -- let's go over these things;

| | | |
|---|---|---|
| 1 | | training manuals for collection policies, collection |
| 2 | | procedures, collection methods, techniques; do you have |
| 3 | | anything like that? |
| 4 | A. | With me? |
| 5 | Q. | With you. |
| 6 | A. | I do not.  LVNV Funding does not have those documents. |
| 7 | Q. | And you didn't bring any documents which are relevant |
| 8 | | to this lawsuit, did you?  Did you bring the proof of |
| 9 | | claims? |
| 10 | A. | No, I was unaware I had to; are they not attached to |
| 11 | | the lawsuit? |
| 12 | Q. | Were they filed on behalf of LVNV in the bankruptcy |
| 13 | | cases? |
| 14 | A. | I believe so, yes. |
| 15 | Q. | If they were attached to the lawsuit, would they be |
| 16 | | relevant to this deposition today? |
| 17 | A. | I don't know; I guess. |
| 18 | Q. | And you did not bring those today? |
| 19 | A. | I did not. |
| 20 | Q. | And let's go over the topics that you were required to |
| 21 | | be knowledgeable about today before we get started on |
| 22 | | the main part of the deposition; communications |
| 23 | | relating to the lawsuits; are you familiar with the |
| 24 | | proof of claims which were filed in this case? |
| 25 | A. | I am. |

 1   Q.   The relationship between the corporate defendant and
 2        the original creditor of the debt; that would be the
 3        original entity which originated the debt and any
 4        relationship with LVNV; are you familiar with that
 5        topic?
 6   A.   I am.
 7   Q.   Determination of the amount sought by LVNV?
 8   A.   I am.
 9   Q.   So that would be how the proof of claim was calculated,
10        things like that?
11   A.   Uh-huh; yes.
12   Q.   General knowledge about the collection practices of
13        LVNV; are you familiar with that?
14   A.   LVNV doesn't have any collection practices.
15   Q.   But on behalf of Resurgent, you're familiar with how
16        Resurgent would collect for LVNV?
17        Ms. Shenhav:  And again, I'm going to object.
18   A.   Somewhat; I did not prepare for Resurgent.
19   Q.   But you're an employee of Resurgent?
20   A.   I am.
21        Mr. Mickler:  We'll mark these One and Two.
22        (Plaintiffs' Exhibits Number One and Two are marked.)
23   Examination resuming by Mr. Mickler:
24   Q.   I'm going to have you refer to what we've marked as
25        Exhibit One here.  Are you familiar with that document?

1  A.  I am.

2  Q.  And can you tell me what Exhibit Number One is?

3  A.  Number One is LVNV Funding's Proof of Claim filed in

4      Michael Burr's bankruptcy case.

5  Q.  Would LVNV have originated this debt originally?

6  A.  No.

7  Q.  So it would have purchased the debt from another

8      entity?

9  A.  Correct.

10 Q.  Can you tell by looking at this where the debt was

11     purchased from?

12 A.  Can I look through the whole claim?

13 Q.  Sure.

14 A.  Yes, I can.

15 Q.  Can you tell me what page you're looking at and the

16     entity that it was purchased from?

17 A.  I'm looking at page 11 out of 14, and LVNV Funding

18     purchased this account from Sherman Originator, LLC.

19 Q.  And Sherman -- again, my understanding is that Sherman

20     is the global entity which is, for lack of a better

21     word, the owner of LVNV and Resurgent and all of the

22     little sub-companies underneath it?

23     Ms. Shenhav:  I'm going to object to the extent that

24     you're asking this as Sherman's corporate rep.

25 Examination resuming by Mr. Mickler:

Deposition of Meghan Emmerich

1  Q.  I'm asking you about your knowledge of how the
2       corporate structure is.
3  A.  Sorry, it was a compound question.  Sherman Originator,
4       LLC, does own LVNV Funding 100 percent.  I don't know
5       what you mean by "Global."
6  Q.  Okay; you answered my question.
7       Exhibit Number One represents claim number 20 filed in
8       Mr. Burr's Chapter 13?
9  A.  Yes.
10  Q.  And what was the amount of the claim that was filed?
11  A.  Amount was $2,480.16.
12  Q.  And LVNV would file Claim number 20 represented by
13      Exhibit One in the attempt to collect that amount from
14      either Mr. Burr, or the Chapter 13 estate of Mr. Burr;
15      is that correct?
16  A.  LVNV Funding would have this claim filed on its behalf
17      in order to collect the amount sought by the bankruptcy
18      trustee, or the estate.
19  Q.  And if we look at page number 2 of Exhibit One, do you
20      know who Susan Gaines is?
21  A.  I do.
22  Q.  And without skipping ahead too much, she appears to
23      have signed all of the proof of claims that were the
24      subject of these suits; is that her sole job is to file
25      claims in bankruptcy?

Deposition of Meghan Emmerich

1   A.   I don't know what her sole job would be.

2   Q.   Do you work with her physically, or is she in another

3        department, or building; where is she?

4        Ms. Shenhav:  I object to the extent that Susan Gaines

5        is a Resurgent employee and not a LVNV employee.

6   Examination resuming by Mr. Mickler:

7   Q.   That's fine.  You can answer the question.

8   A.   She's in a different department.

9   Q.   And looking at this, would she physically sign this, or

10       would that be an electronic signature, if you know?

11  A.   I believe we e-file all our bankruptcy claims, so that

12       would be an electronic signature.

13  Q.   And if we flip over to page 4 of 14 of Exhibit Number

14       One, what does this page represent in the proof of

15       claim?

16  A.   Page 4 of 14 is the account detail; it's going to give

17       basic account level information about the account, the

18       specific account behind the proof of claim.

19  Q.   Where would this information come from when Exhibit

20       Number One, proof of claim 20, was put together?

21  A.   This information would come from the database titled

22       AMCS.

23  Q.   Do you know what that stands for?

24  A.   Account Master Customer Service.

25  Q.   How are the fields populated in this; is it something

Deposition of Meghan Emmerich

1      that somebody would input, or is it strictly from a

2      computer drive and it puts it in automatically?  How

3      does it work?

4   A.  I don't know.

5   Q.  Who would know that answer?

6   A.  Probably Susan Gaines who filed the claim.

7   Q.  What do you do for Resurgent?

8   A.  I am the Senior Managing Paralegal for the Legal

9      Department.

10  Q.  Did you attend law school?

11  A.  I did.

12  Q.  Are you licensed as an attorney now?

13  A.  I am not.

14  Q.  Let's go back to page number 4 of Exhibit One here;

15     there is a space in this, to your left, in the middle,

16     where it would say "Charged off by original creditor

17     on" and then there's a date; what does that field

18     represent?

19  A.  That would be the charged off date -- the charge off

20     date of the account by the original creditor as given

21     to us by the seller of the account; given to us, LVNV

22     Funding.

23  Q.  And the seller of this account, you stated, was Sherman

24     Originator?

25  A.  Sherman Originator, LLC sold it to LVNV Funding.

1   Q.   Sherman wasn't the original creditor, were they?

2   A.   No.

3   Q.   So again, not to put words in your mouth, but the

4        original creditor would provide the information to

5        Sherman and then somewhere down the line that

6        information would be transmitted to LVNV and put into

7        this field?

8   A.   In this case, Sherman Originator, LLC did not get that

9        information directly from the original creditor.

10  Q.   If you know, where would Sherman receive its

11       information from?

12  A.   For this particular case, Sherman Originator, LLC was

13       assigned the account from Sherman Originator III, LLC.

14  Q.   Can you tell by looking at this what entity originally

15       originated this particular debt?

16  A.   It looks like GE Capital originated this debt.

17  Q.   Can you tell me what you're looking at on Exhibit

18       Number One, please?

19  A.   I'm looking at page 5 of 14; it is the bill of sale

20       between GE Capital, Montgomery Ward Credit, and

21       Monogram Credit to Arrow Receivables and Arrow

22       Financial Services.

23  Q.   And is that bill of sale dated?

24  A.   It is dated June 29, 2001.

25  Q.   Let's go back to page 4, please.

```
 1         So we looked at the charged off date by the original
 2         creditor; that would have been GE Capital or Montgomery
 3         Ward Credit Services?
 4    A.   That is my understanding, yes.
 5    Q.   And what is the charge off date originally by GE
 6         Capital?
 7    A.   July 31, 1990.
 8    Q.   And then just below that there are two fields which say
 9         "Last payment date"; what is the last payment date on
10         this account?
11    A.   August 27, 1997.
12    Q.   Let's turn over to what has been marked here as Exhibit
13         Number Two.  Are you familiar with this document?
14    A.   I am.
15    Q.   And same type of questions; would LVNV have originated
16         this debt originally?
17    A.   No.
18    Q.   And can you tell me who the original creditor was on
19         this debt?
20    A.   According to the account detail page, which is page 4
21         of 6 of the proof of claim, the original creditor would
22         be Florida Federal Bank.
23    Q.   And if we look at page 4 of Exhibit Two, again there's
24         a charge off date by the original creditor, which would
25         be Florida Federal Bank; can you tell me the date of
```

Deposition of Meghan Emmerich

1    the original charge off?

2  A.  February 1, 1995.

3  Q.  And are there any last payment dates listed on this
4      account?

5  A.  There is no last payment date on this account detail
6      page.

7  Q.  Why would there be no last payment date listed on this
8      one?

9  A.  It is my understanding that the system does not have
10     the last payment date.

11 Q.  Would that be something that would normally come from
12     the original creditor, or is it just kind of hit and
13     miss where sometimes they send it, sometimes they
14     don't?

15 A.  Normally it would come from the original creditor.

16 Q.  And let's go back to page 1 of Exhibit Two.  Can you
17     tell me the amount of this claim, which was filed by
18     LVNV?

19 A.  This claim filed on behalf of LVNV is $8,620.41.

20 Q.  And did LVNV file this claim in an attempt to collect
21     all or some portion of that amount?

22 A.  This claim was filed on behalf of LVNV Funding in order
23     to collect the amount owed from the bankruptcy estate.

24     Mr. Mickler:  This is going to be Three and Four.

25   (Plaintiffs' Exhibit Numbers Three and Four are marked.)

 1  Examination resuming by Mr. Mickler:
 2  Q.  Let's take a look at what we marked as Plaintiffs'
 3      Number Three here; are you familiar with that document?
 4  A.  I am.
 5  Q.  Can you tell me, briefly, what it is?
 6  A.  This is the proof of claim filed on behalf of LVNV
 7      Funding in Frederick Wenk, W-e-n-k's bankruptcy.
 8  Q.  And same type of questions; would LVNV have originally
 9      originated this debt?
10  A.  No.
11  Q.  Can you tell me who the original creditor was?
12  A.  The original creditor of this account is GE Money Bank,
13      Retail Credit Services, General Electric Corporation.
14  Q.  It looks like you're examining page 5 of 10?
15  A.  I am, yes.
16  Q.  What is page 5 of 10?
17  A.  Page 5 is the bill of sale between GE Money Bank,
18      Retail Credit Services, Inc., and General Electric
19      Capital Corporation, and Sherman Financial Group, LLC.
20  Q.  Let's turn back to page number 4 of Exhibit Three.  Is
21      this the same type of account detail screen that we saw
22      on the previous two exhibits?
23  A.  Yes, it's similar.
24  Q.  It's similar; what are the differences that you see?
25  A.  It will have different account information.



1    Q.   What determines what account information is on each
2         claim?
3    A.   The account itself.  The account details screen, or the
4         account detail page, is information taken from the
5         consumer's account, so each account detail is going to
6         be a little different.
7    Q.   And if we look at page 4 of Exhibit Three, it has the
8         charged off by the original creditor date; can you tell
9         me what that date is for Exhibit Three?
10   A.   It is November 30, 2006.
11   Q.   And then below that there are two sections for the last
12        payment dates; can you tell me what those dates are?
13   A.   The last payment date is April 15, 2006, and the last
14        transaction date is April 16, 2006.
15   Q.   And let's look at Exhibit Number Four.  And what is
16        Exhibit Number Four?
17   A.   Exhibit Number Four is proof of claim number 9 filed on
18        behalf of LVNV Funding in Kara Wenk, W-e-n-k's
19        bankruptcy.
20   Q.   And would LVNV have originated this loan?
21   A.   No.
22   Q.   It would have purchased it from some other entity?
23   A.   Correct.
24   Q.   Can you tell me, based on this claim, which entity it
25        was purchased from?

Deposition of Meghan Emmerich

1   A.   On page 10 of 13, LVNV Funding purchased this account
2        from Sherman Originator, LLC.
3   Q.   And Sherman isn't the original creditor; can you tell
4        me who the original creditor was?
5   A.   According to page 4 of 13, the original creditor would
6        have been World Financial Network National Bank.
7   Q.   And again, we're looking at page 4; this is the account
8        screen for Exhibit Number Four?
9   A.   Yes.
10  Q.   And there's a charged off date by the original creditor
11       section on that; can you tell me that date?
12  A.   It is October 10, 1999.
13  Q.   And then just below that are the last payment sections;
14       can you tell me those dates?
15  A.   Last payment date is March 25, 1999, and the last
16       transaction date is March 25, 1999.
17  Q.   And with respect to Exhibits Three and Four in the Wenk
18       Chapter 13 case, LVNV would have either filed, or had
19       these claims filed, on its behalf in an attempt to
20       collect both of the amounts which are represented on
21       the proof of claims?
22  A.   Yes.
23       Mr. Mickler:  This is going to be Five.
24           (Plaintiffs' Exhibit Number Five is marked.)
25  Examination resuming by Mr. Mickler:

Deposition of Meghan Emmerich

1   Q.   I'm going to show you what's been marked as Exhibit
2        Number Five; are you familiar with that document?
3   A.   I am.
4   Q.   And what does Exhibit Number Five represent?
5   A.   This is proof of claim number 5 filed on behalf of LVNV
6        Funding in the Kevin Mears' bankruptcy case.
7   Q.   And what is the amount of claim number 5?
8   A.   It is $2,031.05.
9   Q.   And was LVNV the originator of this claim originally?
10  A.   No.
11  Q.   Can you tell me who the original creditor was?
12  A.   According to page 4 of 9, the account detail page, the
13       original creditor was First USA Bank, N.A.
14  Q.   And staying on page 4 of Exhibit Number Five, can you
15       tell me what the charged off date by the original
16       creditor is?
17  A.   It is March 23, 1995.
18  Q.   Are there any dates for the last payment dates on this
19       account?
20  A.   There is not.
21  Q.   And you wouldn't have any personal knowledge of when
22       the last payment was on the account, would you?
23  A.   I do not.
24  Q.   If you can flip back to the first page; would LVNV
25       either file or have this claim filed on their behalf in

1    an attempt to collect some portion of the amount which

2    is represented on the claim?

3  A.  Yes.

4     Mr. Mickler:  This is Number Six.

5        (Plaintiffs' Exhibit Number Six is marked.)

6  Examination resuming by Mr. Mickler:

7  Q.  And we're looking at what we've marked as Exhibit

8    Number Six today; can you tell me what that exhibit

9    represents?

10  A.  This is claim 7 filed on behalf of LVNV Funding in the

11    Jeff Short bankruptcy case.

12  Q.  Would LVNV have originated this debt originally?

13  A.  No.

14  Q.  And if you could flip over to page, I believe it's 4,

15    again.

16  A.  Okay.

17  Q.  Is this the account screen?

18  A.  It is the account detail page.

19  Q.  And on Exhibit Number Six, can you tell me who the

20    original creditor was?

21  A.  According to the account detail page, which is page 4

22    of 6, MCI Communication Services, Inc. is the original

23    creditor.

24  Q.  And on page 4 of Exhibit Six, it lists a charge off by

25    the original creditor; can you tell me that date?

Deposition of Meghan Emmerich

1  A.  It is July 7, 1999.

2  Q.  And are there any last payment dates in there?

3  A.  There is not.

4  Q.  Would you have any personal knowledge of when the last

5      payments were made on this account?

6  A.  I do not.

7  Q.  And flip back to page 1, please.  With respect to

8      Exhibit Six, would LVNV have either filed or have this

9      claim filed on its behalf in an attempt to collect some

10     portion of the amount represented on the claim?

11 A.  Yes.

12 Q.  In these lawsuits, LVNV has asserted multiple

13     affirmative defenses; are you familiar with the answer

14     that was filed on behalf of LVNV?

15 A.  I am.

16 Q.  We're going to go over that.

17     The second affirmative defense is that "Defendant

18     pleads that the FDCPA and the FCCPA do not apply to

19     bankruptcy claims processed, and to the extent that

20     they do, are displaced, precluded, or pre-empted by

21     bankruptcy rules of procedure.  The filing of a proof

22     of claim in a bankruptcy proceeding cannot be the basis

23     of a cause of action under the FDCPA or FCCPA."  What

24     does that mean to you?

25     Ms. Shenhav:  I object, and you're seeking a legal

Deposition of Meghan Emmerich

1        conclusion from a corporate rep.

2        Mr. Mickler:  I'm asking her what that means to her.

3        I'm not asking her for a legal conclusion.

4     Examination resuming by Mr. Mickler:

5     Q.   Do you have any knowledge about what that means to you?

6     A.   Not other than what it says, no, I do not.

7     Q.   Do you know what that means?

8     A.   I do know what that means.

9     Q.   Tell me, in your words, what it means.

10    A.   That the rules set out in the bankruptcy statute apply

11         and handle any issues that arise in a bankruptcy case.

12    Q.   Did you assist in preparing this answer?

13    A.   I did not.

14    Q.   As someone who has graduated law school, have you

15         independently researched whether the filing of a proof

16         of claim in a bankruptcy proceeding cannot be the basis

17         of a cause of action under the FDCPA or FCCPA?

18    A.   I have not.

19    Q.   Do you know what FCCPA stands for?

20    A.   I believe that is the state -- Florida's state statute

21         for consumer affairs.

22    Q.   Number three is "Defendant pleads preemption or

23         displacement."  Do you know what that means?

24        Ms. Shenhav:  Again, objection.

25    A.   I do not.

1   Q.   Number four "Defendant pleads that the account, or

2        accounts, it sought to collect were within the

3        applicable statute of limitations, or in the

4        alternative, that the debts are still collectible

5        nonetheless."  Do you know what the Florida statute of

6        limitations is?

7        Ms. Shenhav:  Objection; legal conclusion.

8   A.   I do not.

9   Q.   If the Florida statute of limitations is 5 years, and

10       we go back to these exhibits, were any of these

11       exhibits filed within 5 years of the charge off dates,

12       or other dates that we've looked at on there?

13       Ms. Shenhav:  Objection; form.

14  A.   I do not believe so.

15  Q.   So let me make sure I understand the question.  All of

16       the Exhibits One through Six, any of those claims were

17       filed after 5 years had expired from the original

18       either charge off date or last payment date?  And

19       please take the time to review if you want to.

20  A.   Yes, please.

21  (Deponent reviews documents.)

22  A.   Okay.  Can you ask the question again, please?

23  Q.   Have you had the opportunity to review Exhibits One

24       through Six?

25  A.   I have.

```
 1   Q.   And with respect to -- as a blanket statement with
 2        respect to Exhibits One through Six, would the filing
 3        of the proof of claims on behalf of LVNV have occurred
 4        at least 5 years after either a charge off date or the
 5        last payment date reflected on, I guess it's page 4 of
 6        each Exhibit?
 7        Ms. Shenhav:  Objection to the extent that it's not
 8        always page 4.  I'm not sure.
 9   A.   For these six proof of claims, the proof of claim was
10        filed at least 5 years past either the charge off date
11        or the last payment date.
12   Q.   Number seven of the affirmative defenses is that "The
13        defendant denies communicating with the plaintiff."
14        What does communicating mean to you?
15        Ms. Shenhav:  Objection.
16   A.   Communicating would be, my personal definition, either
17        through written word or spoken word.
18   Q.   And would the filing of a proof of claim, to your
19        meaning, would it be some type of communication?
20   A.   No.
21   Q.   It would not?
22   A.   No.
23   Q.   Communication to you, you said, through written word;
24        why wouldn't the proof of claim be a written
25        communication?
```

Deposition of Meghan Emmerich

| | | |
|---|---|---|
| 1 | | Ms. Shenhav:  Objection; seeking legal conclusion. |
| 2 | A. | In my opinion, the proof of claim was, while it is a |
| 3 | | written communication, it was filed in the bankruptcy |
| 4 | | estate. |
| 5 | Q. | So that's the distinction between your definition of |
| 6 | | communication and non-communication? |
| 7 | A. | For this particular set of circumstances, yes. |
| 8 | Q. | Number eight is that "The defendant denies |
| 9 | | communicating with a natural person in violation of the |
| 10 | | FDCPA or FCCPA."  And I just want to make sure I |
| 11 | | understand this defense; is that, to your mind, is that |
| 12 | | denial of a communication or denial of a communication |
| 13 | | with a real person, or an actual person? |
| 14 | | Ms. Shenhav:  Objection; legal conclusion. |
| 15 | A. | It is my understanding that that is a denial in |
| 16 | | communication speaking to an actual, live person. |
| 17 | Q. | Number ten is "Denies the claimant has suffered any |
| 18 | | damages as a result of any act, error, omission of this |
| 19 | | defendant."  Do you have any personal knowledge of any |
| 20 | | damages which were suffered in these series of cases? |
| 21 | | Ms. Shenhav:  Objection; legal conclusion. |
| 22 | A. | I do not. |
| 23 | Q. | Number twelve is that "The Defendant pleads failure to |
| 24 | | mitigate damages."  Do you know what that means? |
| 25 | | Ms. Shenhav:  Objection; legal conclusion. |

1  A.   In these particular cases?

2  Q.   Either in this case, or whatever your knowledge is.

3  A.   In this case, I do not know what that is referring to.

4  Q.   Number thirteen is "Defendant pleads contributory

5       negligence."  Do you know what that means in this case?

6       Ms. Shenhav:  Objection; legal conclusion.

7  A.   I do not.

8  Q.   Number fourteen is "Defendant pleads unclean hands."

9       Do you know what that means with respect to Exhibits

10      One through Six, or these series of cases?

11      Ms. Shenhav:  Objection; legal conclusion.

12 A.   I do not.

13 Q.   Number fifteen is "Defendant pleads affirmation or

14      reaffirmation."  Do you know what that means with

15      respect to this series of cases?

16      Ms. Shenhav:  Objection; legal conclusion.

17 A.   I do not.

18 Q.   Number sixteen is "Defendant pleads the voluntary

19      payment doctrine."  Do you know what that means with

20      respect to this series of cases?

21      Ms. Shenhav:  I renew my objection.

22 A.   I do not.

23 Q.   Number seventeen is "Defendant pleads collateral

24      estoppel, issue preclusion, and res judicata."  Do you

25      know what that means with respect to this series of

Deposition of Meghan Emmerich

1   cases?

2   Ms. Shenhav:  I renew my objection.

3 A.  I do not.

4 Q.  Number eighteen is "Defendant pleads the plaintiffs'

5       damages, if any, were caused by the acts, errors, or

6       omissions of third parties for which this defendant has

7       no legal control or liability."  What does that mean to

8       you?

9   Ms. Shenhav:  Objection; legal conclusion.

10 A.  I do not know.

11 Q.  And twenty-one is "Defendant pleads the plaintiff is

12       not the real party in interest."  Do you know what that

13       means?

14   Ms. Shenhav:  Objection; legal conclusion.

15 A.  I do not.

16 Q.  And number twenty-two "Defendant pleads ratification."

17       What does that mean to you?

18   Ms. Shenhav:  I renew my objection.

19 A.  I don't know.

20 Q.  Number twenty-three "Any actions taken by defendant

21       were in good faith and not by any means prohibited by,

22       or actionable, under any law, including the FDCPA and

23       the FCCPA."  What does that mean to you?

24   Ms. Shenhav:  I renew my objection.

25 A.  That means to me that at the time that the proof of

NONE

1  claim was filed it was not in violation of the law.

2 Q. If we go back to Exhibits One through Six, you don't

3  need to look at them, but just in general, would LVNV

4  have authorized Resurgent to file the claims on its

5  behalf?

6 A. LVNV authorizes Resurgent Capital Services to act on

7  its behalf regarding maintenance and collection of

8  debts owned by LVNV Funding.

9 Q. So specifically my question is for Exhibits One through

10  Six, and if you need to look at them, please do, would

11  LVNV have authorized Resurgent to file Exhibits One

12  through Six on its behalf?

13 A. Generally, yes.

14 Q. What does that mean "Generally, yes."?

15 A. Meaning that LVNV Funding has authorized Resurgent to

16  act on its behalf in collection and maintenance of the

17  accounts owned by LVNV Funding.  If one of those

18  actions is to file a proof of claim, then the answer is

19  yes.  It's not specifically stated.

20 Q. But specifically, with respect to Exhibits One through

21  Three, would LVNV have authorized Resurgent to file

22  those claims on behalf of LVNV?

23 A. Yes.

24  Mr. Mickler:  That's all I have.

25 Examination by Ms. Shenhav:

1   Q.   Meghan, I just wanted to clarify the beginning of the

2        deposition; Mr. Mickler asked you about not bringing

3        any documents.  I want to go over the Duces Tecum part

4        of the notice of deposition just so we can clarify

5        what's going on here, and I'll go over each and every

6        one of these requests, okay?

7   A.   Okay.

8   Q.   So number one asks you to bring "All documents

9        responsive to the Request for Production of Documents,

10       and all documents related to the topics referenced

11       above."  Are you aware, and please do not go into any

12       sort of discussions that you and I had, but are you

13       aware of whether opposing counsel was served with the

14       documents responsive to the Request for Production of

15       Documents?

16   A.   I believe they were.

17   Q.   Do you know when that was?

18   A.   I believe it was last week.

19   Q.   Okay, thank you.

20        Number two is "A copy of Defendant's documents

21       summarizing, describing, instructing, detailing, or

22       otherwise training any and all of Defendant's employees

23       in any and all of the following areas."  So I'm going

24       to go through the areas, but first of all, let me ask

25       you, does LVNV have employees?

Deposition of Meghan Emmerich

1   A.   They do not.

2   Q.   So let me go over the areas; in any of the following

3        areas -- so again, we're talking about any sort of

4        documents summarizing, describing, instructing,

5        detailing or otherwise training the employees.   In

6        "Defendant's collection policies", does LVNV have any

7        such documents?

8   A.   They do not.

9   Q.   "Defendant's collection procedures", does LVNV have any

10       such documents?

11  A.   They do not.

12  Q.   "Defendant's collection methods", does LVNV have any

13       such documents?

14  A.   They do not.

15  Q.   "Defendant's collection techniques", does LVNV have any

16       such documents?

17  A.   They do not.

18  Q.   "Defendant's collection tactics", does LVNV have any

19       such documents?

20  A.   No, they do not.

21  Q.   "Defendant's collection rules", does LVNV have any such

22       documents?

23  A.   They do not.

24  Q.   "Defendant's collection regulations", does LVNV have

25       any such documents?

Deposition of Meghan Emmerich

1  A.  They do not.

2  Q.  "Defendant's compliance with local, state, or federal

3      laws, codes, or regulations", does LVNV have any such

4      documents?

5  A.  They do not.

6  Q.  Number three, "Any and all training, personnel, or

7      other instruction manuals used by the collection

8      personnel who are employed by or supervised by

9      Defendants."  Does LVNV have any such documents?

10  A.  They do not.

11  Q.  And to reiterate, does LVNV have any collection

12      personnel who are employed by or supervised by LVNV?

13  A.  They do not.

14  Q.  Number four is "Any and all collection software manuals

15      and/or instruction guides for each and every computer

16      system, software package, software system, or other

17      electronic or non-electronic device used in any manner

18      by Defendant in the collection process."  Does LVNV

19      have any documents responsive to this request?

20  A.  They do not.

21  Q.  Number five is "Any and all documents in the possession

22      or control of the Defendant", by the way, just to

23      clarify, I read "Defendant"; it says "Defendant(s)",

24      but there's just one Defendant so I will read it as

25      Defendant.

Deposition of Meghan Emmerich

1    Again, "Any and all documents in the possession or
2    control of the Defendant, which Defendant claims are in
3    any way relevant to the subject matter of the instant
4    lawsuit."  Aside from the documents produced to
5    opposing counsel last week, do you know of any
6    additional documents in LVNV's possession or control
7    that are responsive to this request?
8  A.  I do not.
9  Q.  Number six "Any and all documents recording,
10    documenting, or otherwise tracking the collection
11    efforts related to the Defendant in any way related to
12    Plaintiffs' alleged debt that is the subject of this
13    lawsuit, during the past five years, to the present,
14    including but not limited to", and I will just confirm
15    that there is nothing after "Including but not limited
16    to."  Can you confirm that?
17  A.  I can.
18  Q.  Are there any documents that are responsive to this
19    request, to the best of your knowledge, aside from what
20    was produced to opposing counsel last week?
21  A.  There is not.
22  Q.  Number seven "Records of all inbound or outbound
23    telephone calls to or from Plaintiff."  To the best of
24    your knowledge, does LVNV have any such records?
25  A.  They do not.

Deposition of Meghan Emmerich

1   Q.   Number eight "Records of all inbound or outbound United
2        States mail to or from Plaintiff."   Does LVNV have any
3        such records?
4   A.   They do not.
5   Q.   "Records of all other inbound or outbound
6        communications of whatever kind to or from Plaintiff."
7        Does LVNV have any such records?
8   A.   They do not.
9   Q.   "Any and all printouts computer, mechanical, or other
10       reports printed, prepared, or otherwise created using
11       any computer system, software package, software system,
12       or other electronic or non-electronic device used in
13       any manner in Defendant's collection process, which
14       include Plaintiffs' name, address, telephone numbers,
15       account number, or any other information which is
16       personally identifiable to the Plaintiff."   Other than
17       the documents produced to opposing counsel last week,
18       are you aware of any additional documents responsive to
19       this request?
20  A.   I am not.
21  Q.   "A plain-English description -- this is number eleven,
22       apologies; "A plain-English description or glossary for
23       any and all lists, legends, codes, abbreviations,
24       collector initials, or other non-obvious terms, words,
25       or data contained in any of the documents produced

Deposition of Meghan Emmerich

1    above."  By documents produced above, since we haven't

2    produced anything, other than what was produced to

3    opposing counsel last week, do you know if LVNV

4    maintained such a glossary or plain-English

5    description?

6  A.    They do not.

7        Ms. Shenhav:  That's it; that's all I have.

8    (There being no further questions, this deposition

9    concluded at 9:38 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                    Certificate of Reporter

1

2          I, Karen E. Holley, a Notary Public in and for the

3     State of South Carolina, do hereby certify that the

4     foregoing 35 pages represents a true and accurate transcript

5     of the deposition of Meghan Emmerich, which was taken by me

6     on the 23rd day of March, 2015.

7          That the witness was first duly sworn to tell the

8     truth, the whole truth and nothing but the truth of her own

9     knowledge concerning this matter.

10          That I am not related to, nor the employee of, any of

11     the parties hereto, nor related to, or employed by, any

12     attorney or counsel employed by the parties hereto, nor

13     interested in the outcome of this action.

14

15                              *Karen E. Holley*

16                              Karen E. Holley, CVR-M

17                              Notary Public for S.C.

18                              Commission expires: May 3, 2017

19

20

21

22

23

24

25

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KEVIN MEARS                                     CASE NO.3:14-cv-00972-MMH-PDB
   Plaintiff(s)
   v.

LVNV FUNDING LLC,
   DEFENDANT.

_____ /

MICHAEL DAVID BURR

V.

LVNV FUNDING, LLC                               CASE NO 3:14-cv-01333-TJC-JBT

_____ /

FREDERICK G. WENK

KARA WENK

V.

 LVNV FUNDING, LLC                             CASE NO 3:14-cv-01208-J-20MCR

_____ /

JEFF SHORT

V.

LVNV FUNDING, LLC                               CASE NO 3:14-cv-01240-J-20MCR

_____ /

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME THIS DAY personally appeared FREDERICK G. WENK and KARA WENK, who

after being duly sworn, did depose as follows:

1.  I make all of the following statements based upon my own personal knowledge.

2.  I am a natural person as defined by the FDCPA.

3.  I filed for Chapter 13 relief in Case 3:13-bk-04229 on 7/9/2013.

4.  At the time of filing the above Chapter 13 case, I had owed money to World Financial Network National and GE Capital.

5.  I had not paid on the two accounts in well over five (5) years at the time of the filing of the Chapter 13 case.

6.  I have reviewed the Chapter 13 file in my case and the Proof of Claims filed by LVNV.

7.  LVNV filed Proof of Claims #8 and 9 in my Chapter 13 Case in an attempt to collect the World Financial Network National and GE Capital debts.

8.  The World Financial Network National and GE Capital debts were incurred by me strictly for personal, family or household purposes. No business purchases were ever incurred related to the accounts.

9.  FURTHER AFFIANTS SAYETH NAUGHT.


_____

FREDERICK G. WENK


_____

KARA WENK

Sworn and subscribed before me

This _8th_ day of _MAY_, 2015.

_____

Notary Public, State of _Florida_

My Commission Expires:



BARBARA J. TRIPP
MY COMMISSION # EE 204647
EXPIRES: July 10, 2016
Bonded Thru Notary Public Underwriters

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

KEVIN MEARS
    Plaintiff(s)
     v.

CASE NO.3:14-cv-00972-MMH-PDB

LVNV FUNDING LLC,
    DEFENDANT.

_____/

MICHAEL DAVID BURR

V.

CASE NO 3:14-cv-01333-TJC-JBT

LVNV FUNDING, LLC

_____/

FREDERICK G. WENK

KARA WENK

V.

CASE NO 3:14-cv-01208-J-20MCR

 LVNV FUNDING, LLC

_____/

JEFF SHORT

V.

CASE NO 3:14-cv-01240-J-20MCR

LVNV FUNDING, LLC

_____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME THIS DAY personally appeared JEFF SHORT, who after being duly sworn, did

depose as follows:

1. I make all of the following statements based upon my own personal knowledge.

2. I am a natural person as defined by the FDCPA.

3. I filed for Chapter 11 relief in Case 3:13-bk-05788on9/25/2013.

4. At the time of filing the above Chapter 11 case, I had owed money to MCI Communications.

5. I had not paid on the account in well over five (5) years at the time of the filing of the Chapter 11 case.

6. I have reviewed the Chapter 11 file in my case and the Proof of Claim filed by LVNV.

7. LVNV filed Proof of Claim #7 in my Chapter 13 Case in an attempt to collect the MCI debt.

8. The MCI debt was incurred by me strictly for personal, family or household purposes. No business purchases were ever incurred related to the account.

9. FURTHER AFFIANT SAYETH NAUGHT.


JEFF SHORT

Sworn and subscribed before me

This _7th_ day of _April_, 2015.

_____

Notary Public, State of ___FL___

My Commission Expires:

NOTARY PUBLIC-STATE OF FLORIDA
David Harsey
Commission # EE098056
Expires: JUNE 08, 2015
BONDED THRU ATLANTIC BONDING CO., INC.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN MEARS                  CASE NO.3:14-cv-00972-MMH-PDB
    Plaintiff(s)
    v.

LVNV FUNDING LLC,
    DEFENDANT.

_____/

MICHAEL DAVID BURR

V.

LVNV FUNDING, LLC         CASE NO 3:14-cv-01333-TJC-JBT

_____/

FREDERICK G. WENK

KARA WENK

V.

 LVNV FUNDING, LLC       CASE NO 3:14-cv-01208-J-20MCR

_____/

JEFF SHORT

V.

LVNV FUNDING, LLC        CASE NO 3:14-cv-01240-J-20MCR

_____/

**AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME THIS DAY personally appeared KEVIN MEARS, who after being duly sworn, did

depose as follows:

1.  I make all of the following statements based upon my own personal knowledge.

2.  I am a natural person as defined by the FDCPA.

3.  I filed for Chapter 13 relief in Case 3:14-bk-02546 on 05/23/14.

4.  At the time of filing the above Chapter 13 case, I had owed money to First USA Bank.

5.  I had not paid on the First USA account in well over five (5) years at the time of the filing of the Chapter 13 case.

6.  I have reviewed the Chapter 13 file in my case and the Proof of Claim filed by LVNV.

7.  LVNV filed Proof of Claim #5 in my Chapter 13 Case in an attempt to collect the First USA debt.

8.  The First USA debt was incurred by me strictly for personal, family or household purposes. No business purchases were ever incurred related to the First USA debt.

9.  FURTHER AFFIANT SAYETH NAUGHT.


_____

KEVIN MEARS



Sworn and subscribed before me

This ___5th___ day of ___MAY_____, 2015.

Notary Public, State of ___Florida_____

My Commission Expires:

> BARBARA J. TRIPP
> MY COMMISSION # EE 204647
> EXPIRES: July 10, 2016
> Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN MEARS                                    CASE NO.3:14-cv-00972-MMH-PDB
   Plaintiff(s)
   v.

LVNV FUNDING LLC,
   DEFENDANT.

_____/

MICHAEL DAVID BURR

V.
                          CASE NO 3:14-cv-01333-TJC-JBT
LVNV FUNDING, LLC

_____/

FREDERICK G. WENK

KARA WENK

V.
                          CASE NO 3:14-cv-01208-J-20MCR
 LVNV FUNDING, LLC

_____/

JEFF SHORT

V.

LVNV FUNDING, LLC
                          CASE NO 3:14-cv-01240-J-20MCR

_____/

## AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF DUVAL

BEFORE ME THIS DAY personally appeared MICHAEL DAVID BURR, who after being duly

sworn, did depose as follows:

1. I make all of the following statements based upon my own personal knowledge.

2. I am a natural person as defined by the FDCPA.

3.  I filed for Chapter 13 relief in Case 3:13-bk-07557 on 12/31/2013.

4.  At the time of filing the above Chapter 13 case, I had owed money to Florida Federal Bank and GE Capital.

5.  I had not paid on the two accounts in well over five (5) years at the time of the filing of the Chapter 13 case.

6.  I have reviewed the Chapter 13 file in my case and the Proof of Claims filed by LVNV.

7.  LVNV filed Proof of Claims #20 and 21 in my Chapter 13 Case in an attempt to collect the Florida Federal Bank and GE Capital debts.

8.  The Florida Federal Bank and GE Capital debts were incurred by me strictly for personal, family or household purposes. No business purchases were ever incurred related to the accounts.

9.  FURTHER AFFIANT SAYETH NAUGHT.



MICHAEL DAVID BURR


Sworn and subscribed before me

This ___16___ day of ___April___, 2015.

Notary Public, State of ___Florida___

My Commission Expires:



BARBARA J. TRIPP
MY COMMISSION # EE 204647
EXPIRES: July 10, 2016
Bonded Thru Notary Public Underwriters